UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$47,700.58 SEIZED FROM TIAA
BANK ACCOUNT NO. 603051299,
HELD IN THE NAME OF PETER
JOSEPH LICAVOLI,

    Defendant.

Case No. 3:22-cv-

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

In accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Plaintiff United States of America brings this complaint and alleges upon information and belief as follows:

### NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States $47,700.58 seized from TIAA Bank Account No. 603051299, held in the name of Peter Joseph Licavoli (defendant funds).

2. This action is brought pursuant to 18 U.S.C. § 981(a)(1)(C) because the defendant funds are proceeds obtained in violation of 18 U.S.C. §§ 1343 (wife fraud) and 1344 (bank fraud).

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, which provides the Court with jurisdiction over all civil actions commenced by the United States, and pursuant to 28 U.S.C. § 1355, which provides the Court with jurisdiction over actions to recover or enforce forfeitures.

4. This Court has *in rem* jurisdiction over the defendant funds because pertinent acts giving rise to the forfeiture occurred in the Middle District of Florida. 28 U.S.C. § 1355(b)(1)(A).

5. Venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395(a) because the defendant funds were seized within the Middle District of Florida, Jacksonville Division.

6. Because the defendant funds are in the government's possession, custody, and control, the United States requests that this Court issue an arrest warrant *in rem*, upon the filing of the complaint, pursuant to Supplemental Rule G(3)(b)(i). After the Court issues the warrant *in rem*, the United States will execute the warrant pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

## THE DEFENDANT *IN REM*

7. The defendant funds consist of $47,700.58 seized from TIAA Bank Account No. 603051299, held in the name of Peter Joseph Licavoli. On September 30, 2021, the United States Secret Service (USSS) seized the defendant funds pursuant to a federal seizure warrant issued by Magistrate Judge Joel B. Toomey, in Case Number 3:21-mj-1440-JBT, after he found probable cause to believe that the

funds were proceeds obtained from wire and bank fraud offenses, obtained in violation of 18 U.S.C. §§ 1343 and 1344. The funds were deposited into the Customs Suspense Account on October 19, 2021.

## FORFEITURE AUTHORITY

8. Because the defendant funds represent proceeds of wire fraud and bank fraud, they are subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds of any offense constituting a "specified unlawful activity," as defined in as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense. A "specified unlawful activity," as defined in § 1956(c)(7), includes offenses listed in 18 U.S.C. § 1961(1). Specifically, § 1961(1) includes violations of 18 U.S.C. §§ 1343 (wire fraud) and 1344 (bank fraud).

9. Recognizing that money is fungible, 18 U.S.C. § 984 provides that, in a civil forfeiture action against funds in an account in a financial institution, the United States need not identify the specific funds involved in the criminal offense. Rather, "any identical property found in the same...account...shall be subject to forfeiture," so long as the action against the funds is commenced within "1 year from the date of the offense." In other words, the United States may forfeit any funds in an account, even if the funds currently in the account were not involved in the relevant criminal activity, so long as the funds forfeited do not exceed the total amount of dirty funds deposited into the account within the past year.

10. The following facts support a reasonable belief that the government will be able to show by a preponderance of the evidence that the defendant funds are subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C).

## FACTS

11. The facts and circumstances supporting the forfeiture of the defendant funds have been provided by USSS Special Agent (SA) Angel J. Nazario, who states the following:

## THE SCHEME TO FRAUD

### A. Relevant Definitions

12. The term "free-riding" refers to the practice of buying and selling shares or other securities in a cash account without having the money to cover the trade.

13. "Provisional credit" is the temporary credit which may be applied to an account in situations in which a transaction is being disputed. Depending on the outcome of a free-riding investigation, a provisional credit may be removed or made permanent.

### B. The Fraud

14. TIAA Bank is a financial institution as defined by 18 U.S.C. § 20, the accounts and deposits of which are federally insured by the Federal Deposit Insurance Corporation.

15. Licavoli engaged in a scheme to defraud TIAA Bank by knowingly initiating transfers of funds he did not possess in his account at BBVA/Compass, via

Automated Clearing House (ACH)[1] fund transfers, to his TIAA Bank Brokerage Account #XXXXX9101 (TIAA Brokerage Account).

16. The ACH transfers originated from a BBVA/Compass Bank in Tucson, Arizona and terminated at a TIAA Bank located in Jacksonville, FL.

17. Specifically, from January 8, 2021 through March 12, 2021, Licavoli made the following 12 ACH transfers, totaling $1,720,500.00, from his BBVA/Compass account to his TIAA Brokerage Account:

| Date of ACH Transfer | Amount of ACH Transfer |
| --- | --- |
| 01/08/2021 | $500.00 |
| 01/27/2021 | $80,000.00 |
| 02/03/2021 | $80,000.00 |
| 02/08/2021 | $50,000.00 |
| 02/08/2021 | $80,000.00 |
| 02/09/2021 | $100,000.00 |
| 02/10/2021 | $80,000.00 |
| 03/04/2021 | $250,000.00 |
| 03/05/2021 | $250,000.00 |
| 03/10/2021 | $250,000.00 |
| 03/11/2021 | $250,000.00 |
| 03/12/2021 | $250,000.00 |

---

[1] ACH is a network used for electronically moving money between bank accounts across the United States.

18. Licavoli would then buy and sell numerous stocks before chargebacks of each of the fraudulent ACHs transfers took place, *i.e.*, when TIAA Bank had issued provisional credit in the brokerage account based upon the ACH transfers from Licavoli's BBVA/Compass account.

19. Licavoli's free-loading scheme resulted in 11 chargebacks totaling $1,720,000.00 for insufficient funds (the only valid ACH transfer occurred on January 8, 2021). As each ACH chargeback occurred, the only funds remaining in the TIAA Brokerage Account would be the net gain generated from the market activity that occurred during the time the provisional credit via the fraudulent ACH were "in existence." In this case, there was an overall net market gain of $250,670.81 due to the buying and selling of stocks and other securities.

### C.  Tracing of Fraud Proceeds to TIAA 1299

20. TIAA Bank Account No. 603051299, held in the name of Peter Joseph Licavoli (TIAA 1299), is a money market account that was opened online on December 2, 2020.[2] Licavoli is the sole signatory on the account.

21. Between January 20, 2021 and March 23, 2021, Licavoli transferred a total of $240,880.53 from his TIAA Brokerage Account to TIAA 1299. Because this account was funded with $240,880.53 in wire and bank fraud proceeds within the past year, up to $240,880.53 held in this account is subject to civil forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.

---

[2] Licavoli indicated in the account opening documents that his mailing address was an address in Tucson, AZ.

22. On or about May 24, 2021, the remaining funds in the account ($47,604.89) were frozen by TIAA, because of the fraud.

23. Unfortunately, the other funds were transferred or spent by Licavoli via six transfers to Licavoli's BBVA/Compass account (totaling $182,180.00), ten CashApp purchases (totaling $10,000.00), and 13 miscellaneous Visa and Debit purchases to various online and brick & mortar merchants (totaling $1,095.64).

## CONCLUSION

25. As required by Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, they support a reasonable belief that the government will be able to show by a preponderance of the evidence that the defendant funds constitute, or were derived from, proceeds traceable to wire fraud, in violation of 18 U.S.C. § 1343, and bank fraud, in violation of 18 U.S.C. § 1344.

WHEREFORE, the United States of America requests that process in accordance with the provisions of Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, be issued against the defendant funds to enforce the forfeiture and that any person or persons having an interest therein be cited and directed to appear and show cause why it should not be decreed; and that the defendant funds be forfeited to the United States; and that thereafter it be disposed of according to law; and for such other and further relief as this case may require.

Dated: May 4th, 2022.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: _____
MAI TRAN
Assistant United States Attorney
Florida Bar No. 100982
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
E-mail: mai.tran2@usdoj.gov

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Angel J. Nazario, declare under the penalty of perjury, that:

I am a Special Agent with the United States Secret Service. I have read the foregoing Verified Complaint for Forfeiture *in Rem* and have personal knowledge that the matters alleged as fact in the Complaint are true.

I have acquired my knowledge in this matter through my personal experience, observation, and investigation, and training, and from witnesses, records, and other law enforcement officers.

Executed this 29 day of April, 2022.

ANGEL J. NAZARIO
Special Agent
United States Secret Service